UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MURRAY, | : |
| Plaintiff, | : CIVIL ACTION NO. 3:14-CV-1599 |
| | : |
| v. | : (JUDGE CONABOY) |
| | : |
| JEAN HOEFER TOAL, Chief Justice of South Carolina Supreme Court, COSTA M. PLEICONES, Associate Justice of South Caroline Supreme Court, BARBARA B. SAUNDERS, Assistant Ethics Counsel Virginia State Bar, EXECUTIVE DIRECTOR PA. BD. OF LAW EXAMINERS, | : |
| Defendants. | : |

FILED
SCRANTON

SEP 26 2014

PER ___cjc___
~~DEPUTY CLERK~~

**MEMORANDUM**

Plaintiff filed this 42 U.S.C. § 1983 action on August 18, 2014, seeking declaratory relief. (Doc. 1.) On the same date, Plaintiff filed a Motion to Proceed In Forma Pauperis. (Doc. 3.) In his Complaint, Plaintiff describes himself at length as a jailhouse lawyer who is being deprived of a variety of constitutional rights because he is not allowed to practice as he sees fit under relevant South Carolina, Pennsylvania, and Virginia rules. (Doc. 1.) Pursuant to the screening required by 28 U.S.C. §§ 1915(e) and 1915A, we conclude Plaintiff's Complaint is properly dismissed as legally frivolous.

**I. Standard of Review**

The Prison Litigation Reform Act ("PLRA"),[1] requires a

---

[1] Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996).

district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[2]

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly basis" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28.

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(b)(ii) and § 1915A(b)(1) is the same as the legal standard used when reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 326, 240 (3d Cir. 1999). Before dismissing a complaint for failure to state a claim under the screening provisions of §§ 1915 and 1915A, the court must allow the plaintiff an opportunity to amend his complaint unless amendment would be inequitable or futile. *Grayson v. Mayview State Hospital*,

---

[2] 28 U.S.C. § 1915A applies to prisoners who do not file *in forma pauperis*.

293 F.3d 103, 114 (3d Cir. 2002).

## II. Discussion

Plaintiff has essentially raised the claims he makes here in at least two previous filings. On November 21, 2013, Plaintiff filed a 28 U.S.C. § 2241 habeas action against Defendants named here and others, *Murray v. Justices of Supreme Court of South Carolina*, M.D. Pa. Civil No. 3:13-CV-2838. This Court dismissed the action pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). *Murray v. Justices of Supreme Court of South Carolina*, Civ. A. No. 3:13-CV-2838, 2013 WL 6147840 (M.D. Pa. Nov. 22, 2013). Because the Court found Plaintiff did not raise a claim related to the execution of his sentence, the Court concluded habeas corpus was not an appropriate or available remedy and denied the petition without prejudice. *Id.* *2-3. On appeal, the Court of Appeals for the Third Circuit affirmed. *Murray v. Honorable Justices of the Supreme Court of South Carolina*, 566 F. App'x 118 (3d Cir. 2014) (not precedential). The Circuit Court noted that "in the main, Murray wished to provide legal assistance to fellow inmates in Virginia, South Carolina, and Pennsylvania and feared that he would be prosecuted for assisting inmates." 566 F. App'x at 118-19. The Court did not rule on this issue because it was not appropriately raised in a habeas petition. *Id.*

The Circuit Court also identified an earlier 42 U.S.C. § 1983

civil rights action filed in the Middle District of Pennsylvania in which Murray challenged an August 17, 2012, decision of the South Carolina Supreme Court denying his request to continue providing legal services to fellow inmates, and sought a declaratory judgment and ruling that South Carolina's ban on the unauthorized practice of law was unconstitutional. *Id.* at 118 (citing M.D. Pa. Civ. No. 12-CV-2384). In the 2012 case, this Court concluded the complaint was subject to dismissal because it was based on an indisputably meritless legal theory. *Murray v. Supreme Court of South Carolina*, Civil No. 3:12-CV-2384, 2012 WL 6052162 (M.D. Pa. Dec. 5, 2012). The same analysis and conclusion applies to Plaintiff's current filing.

    We set out the relevant legal framework in our 2012 decision.

> It is well settled that a party may represent his or her own interests in federal court. *See Winkleman v. Parma City School District*, 550 U.S. 516, 127 S. Ct. 1994, 1999, 167 L. Ed. 2d 904 (2007). However, there is an equally well established common law rule that non-attorneys cannot litigate the rights of others. *Collingsru v. Palmyra Board of Education*, 161 F.3d 225, 232 (3d Cir. 1998).[3] Federal courts have repeatedly recognized that a *pro se* inmate litigant such as Murray simply lacks the capacity to represent the interests of other prisoners. *Cahn v. United States*, 269 F. Supp. 168, 170 (D.N.J. 1992); *Osei-Afriye v. Medical College of Pa.*, 937 F.2d 876 883 (3d Cir. 1991). It is simply plain error to permit a pro se inmate litigant to represent fellow inmates.

---

[3] *Collingsgru* was abrogated on other grounds by *Winkelman*. 550 U.S. 516.

4

> *Whalen v. Wiley*, No. 06-809, 2007 WL 433340, at *2 (D. Col. Feb. 1, 2007).
>
> Accordingly, since a *pro se* inmate litigant cannot represent and protect the interests of other prisoners fairly and adequately, [Murray's] . . . pending claim that he be permitted permission to do so is subject to dismissal. *See Sacaza-Jackson v. Aviles*, 2007 WL 38905, at *3 (D.N.J. Jan. 4, 2007).

2012 WL 6052162, at *1-2 (footnote omitted).

*Collingsgu*'s recognition of the common law rule regarding non-lawyer representation is supported by *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) (noting that federal courts have consistently rejected attempts at third-party lay representation), and *Guajardo v. Luna*, 432 F.2d 1324, 1325 (5th Cir. 1970) (stating that an ordered society has a valid interest in limiting legal representation to licensed attorneys). 161 F.3d at 232. In *Herrera-Venegas*, the First Circuit Court of Appeals recognized "a prisoner's right to seek assistance and advice on legal matters from other inmates in certain matters" under *Johnson v. Avery*, 393 U.S. 483 (1969), and *Wolff v. McDonnell*, 418 U.S. 539, 577-80 (1974). 681 F.2d at 42. However, the court added that "federal courts have consistently rejected attempts at third-party lay representation. . . By law, an individual may appear in federal courts only pro se or through legal counsel." *Id.* (citing *United States v. Taylor*, 569 F.2d 448 (7th Cir. 1978); 28 U.S.C. § 1654). Explaining the basis for the distinction between assistance

and advice and full legal representation, *Herrera-Venegas* rejected a non-lawyer prisoner's attempt to represent a fellow inmate. *Id*. *Guajardo* similarly found the prohibition against laymen representing others in court to be well founded, concluding that "the requirement that only licensed lawyers may represent others in court is a reasonable rule that does not offend any constitutional guarantee." 432 F.2d at 1324.

Within this legal framework, Plaintiff's claims of constitutional deprivation based on statutes and rules which prevent him from representing others are clearly "based on an indisputably meritless legal theory." *Neitzke*, 490 at 327-28. Therefore, Plaintiff's complaint is properly dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i).

### III. Conclusion

For the reasons discussed above, Plaintiff's Complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(I). Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 3) is deemed a motion ro proceed without fully payment of fees and costs and is granted for this filing only. Other pending motions (Docs. 2, 7) are deemed moot. An appropriate Order is entered simultaneously with this Memorandum.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: 9/26/14

Case 3:14-cv-01599-RPC-JVW   Document 15   Filed 09/26/14   Page 7 of 7